# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**JASON DEWAYNE STANFORD**                                                  **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 1:23-cv-9-JMV**

**COMMISSIONER OF**
**SOCIAL SECURITY**                                                        **DEFENDANT**

## ORDER

This matter is before the court on Plaintiff's complaint [1] for judicial review[1] of the Commissioner of the Social Security Administration's denial of an application for Disability Insurance Benefits ("DIB"). The undersigned held a hearing on August 8, 2023. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of

---

[1] The Court's review of the Commissioner's final decision that Plaintiff was not disabled is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). When substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Supreme Court has explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, *the threshold for such evidentiary sufficiency is not high*. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (emphasis added) (citations and internal quotations and brackets omitted).

Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations and internal quotations omitted). In applying the substantial evidence standard, the Court "may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and that said decision should be affirmed.

**Statement of the Case**

On February 1, 2021, Plaintiff filed for DIB under Title II of the Social Security Act, alleging a disability onset date of December 4, 2020. Tr. at 15. The application was denied initially on December 30, 2021, and upon reconsideration on February 2, 2022. Tr. at 15. Plaintiff filed a timely request for a hearing. The Administrative Law Judge ("ALJ") held a telephonic hearing on August 31, 2022, and issued an unfavorable decision in this cause on September 8, 2022. Tr. at 12, 15-24. The Appeals Council denied Plaintiff's request for review on November 21, 2022, thereby making the ALJ's decision the final decision of the Commissioner and the Social Security Administration for purposes of judicial review under the Social Security Act. Tr. at 5-7.

The ALJ evaluated Plaintiff's claims pursuant to the five-step sequential evaluation process. As a preliminary matter, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2025. Tr. at 17, Finding 1. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of December 4, 2020. Tr. at 17, Finding 2. At step two, the ALJ found that the Plaintiff had the following severe impairments: disorders of the spine (20 CFR 404.1520(c)). Tr. at 17, Finding 3. At step three, the ALJ found that none of Plaintiff's impairments, either alone or in combination, met or equaled the criteria of an impairment at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listings). Tr. at 18, Finding 4.

The ALJ then assessed Plaintiff's RFC and found that he has the ability to perform a reduced range of light work as defined in 20 C.F.R. 404.1567(b). The ALJ found the plaintiff can occasionally climb stairs and ramps; never climb ladders, ropes, or scaffolds; never balance on

uneven terrain; occasionally stoop; never kneel, crouch, or crawl; occasionally use foot controls; must avoid concentrated exposure to extreme cold, dust odors, gases, fumes, and other pulmonary irritants; must avoid even moderate exposure to unprotected heights and hazardous moving machinery; needs a cane for walking long distances; needs option to alternate sitting and standing at will and to stand and stretch for two minutes every thirty minutes; and needs to use a cane to ambulate. Tr. at 18-22, Finding 5.

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a crane operator (DOT number 921.663-010), garbage truck driver (DOT number 905.663-010), diesel mechanic (DOT number 625.281-010), composite job as a delivery driver (DOT number 905.663-014), heavy equipment operator (DOT number 859.683.010), and truck driver (DOT number 905.663-014). Tr. at 22, Finding 6.

Because the ALJ found that Plaintiff was unable to perform his past work, the ALJ considered step five, whether the plaintiff is able to perform other work. The ALJ found, after consulting with a Vocational Expert ("VE") that Plaintiff could perform certain representative jobs at a reduced light exertional level that exist in significant numbers in the national economy, such as ticket seller, routing clerk, and cashier. Tr. at 22-23, Finding 10. Finally, the ALJ found Plaintiff not disabled and denied his application for period of disability and DIB. Tr. at 23, Finding 11.

## Issue on Appeal

In his brief on appeal, Plaintiff argues that the ALJ erred in his finding that Plaintiff can perform a reduced range of light work. In particular, Plaintiff complains that the ALJ failed to properly incorporate into his RFC (1) a push/pull/lift/carry limitation of 10lbs occasionally and frequently – as found by consultative examiner, Dr. Massey – and (2) a limitation of occasional balancing, as found by both Dr. Massey and the state agency examiners.

As concerns Dr. Massey, the record reflects he examined Plaintiff on July 15, 2021, and observed that Plaintiff "ambulates without a limp," had a normal gait, and used no assistive device for ambulation. Tr. at 472-73. Dr. Massey observed normal (5/5) strength in the upper extremities and slightly reduced strength (4/5) in the lower extremities. Tr. at 474. Dr. Massey noted normal hand use and no sensory or reflex deficits. Tr. at 473.

Dr. Massey found the following limitations and functional assessment of Plaintiff:

1) Maximum standing and walking capacity: Up to four hours in an eight-hour workday.
2) Maximum sitting capacity: Up to six hours in an eight-hour workday.
3) Assistive device: None.
4) Maximum lift, carry, push, and pull capacity: 10 pounds both occasionally and frequently.
5) Postural activities: Climbing steps and stairs occasionally; ladders, scaffolds, and ropes never. Balance, stoop, crouch, kneel, and crawl occasionally.
6) Manipulative activities: Reaching overhead, reaching forward, handling, fingering, and feeling no limitations.
7) Workplace and environmental activities: Working at heights, limitations. Working around heavy machinery, limitations. Working around extremes of temperature, limitations (cold). Working around chemicals, no limitations. Working around dust, fumes, and gases, limitations. Working around excessive noise, no limitations.

Tr. at 474-75.

The hearing decision reflects that the ALJ, while accepting as generally persuasive Dr. Massey's other findings, found unpersuasive the finding reflected as number 4 above. In doing so, the ALJ explained:

> [Dr. Massey's] assessment that the claimant could lift, carry, push and/or pull 10 pounds both occasionally and frequently is not persuasive as it is inconsistent with his examination findings. He documented no deficit in the claimant's upper extremities and that the claimant exhibited normal gait and ambulated without a limp with no assistive device, and only mildly decreased right hip range of motion and strength in lower extremities.

Tr. at 21.

Despite these findings, the plaintiff argues the ALJ should have found this limitation persuasive and incorporated it into the RFC because Plaintiff was also found to have "a positive

straight leg raising test strength , (sic) and other positive finding of Dr. Massey on examination of Stanford." Pl.'s Br. [10] at 7.

As for Plaintiff's further contention that, in his RFC, the ALJ failed to address Dr. Massey and the state agency examiners' limitation of occasional balancing, the Commissioner argues that the plaintiff is simply incorrect. Indeed, "balancing" as defined in Appendix C of Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles involves "[m]aintaining body equilibrium to prevent falling when walking, standing, crouching, or running on narrow, slippery, or erratically moving surfaces; or maintaining body equilibrium when performing gymnastic feats." The agency's use of the term is consistent with this definition, referencing activities such as "ascending or descending ramps or a few stairs and maintaining body equilibrium while doing so." Social Security Ruling (SSR) 85-15, 1985 WL 56857, at *6. In the instant case, the ALJ specifically found in the RFC that Plaintiff (1) could not ambulate on uneven surfaces, (2) could only occasionally climb ramps or stairs, and (3) required the use of a cane for ambulation. Tr. at 18.

Finally, Plaintiff takes issue with the option to sit or stand at will in addition to stretching for two minutes every thirty minutes as inconsistent with light work. Of particular relevance, Plaintiff cites SSR 83-12, as follows:

> [M]ost jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain lengthy of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a [vocational expert] should be consulted to clarify the implications for the occupational base.

Pl.'s Reply [16] at 4.

5

## Discussion

First, with respect to the push/pull/lift/carry limitation, the undersigned agrees with the Commissioner that substantial evidence supports the ALJ's decision. While the Plaintiff points to a positive straight leg test and alludes to other positive findings, for the undersigned to reverse the ALJ on this point would entail re-weighing the evidence, which is not the role of this Court. The ALJ articulated his reasons for rejecting Dr. Massey's finding on push-pull – that there was no document deficit in the plaintiff's upper extremities, normal gait, ambulation without a limp with no assistive device, and only mildly decreased right hip range of motion and strength in lower extremities – and thus the finding of the ALJ comports with the substantial evidence standard.

Secondly, as to whether the balancing limitation imposed on Plaintiff was properly incorporated into the subject RFC, I find it was. Indeed, as noted above, the ALJ made specific balance limitations in the RFC.

Finally, I find that the ALJ appropriately utilized a VE to help identify if there were available jobs that could accommodate these additional limitations assigned by the ALJ to Plaintiff's light work status, including the sit/stand option. While Plaintiff is correct that many jobs demand that a worker be in a given position for an extended period of time, making a limitation such as the ability to sit or stand at will and stretch for two minutes out of every thirty minutes preclusive, the VE and ALJ specifically contemplated the effect this limitation would have on the available job base as evidenced by the hearing testimony, *see* Tr. at 53-55, and concluded that there were jobs available. In short, there is no reversible error here. Instead, substantial evidence supports the ALJ's decision.

**Conclusion**

For the reasons stated above, the Court finds that the ALJ's September 8, 2022, decision is affirmed.

**SO ORDERED** this, the 15th day of August, 2023.

/s/ Jane M. Virden
United States Magistrate Judge